1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOE HAND PROMOTIONS, INC.,                    No.  2:14-cv-00361-MCE-EFB

12                   Plaintiff,

13        v.                                        **MEMORANDUM AND ORDER**

14   ROSEVILLE LODGE NO. 1293,
     LOYAL ORDER OF MOOSE,
15   INCORPORATED, an unknown
     business entity d/b/a MOOSE LODGE
16   1293,

17                   Defendant.

18

19        In initiating this action against Defendant Roseville Lodge No. 1293, Loyal Order

20   of Moose, Inc., an unknown business entity doing business as Moose Lodge 1293

21   ("Defendant"), Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") alleges that Defendant

22   unlawfully intercepted and broadcasted a television program to which Plaintiff had

23   exclusive commercial distribution rights to pursuant to a Distributorship Agreement.  Now

24   pending before the Court is Defendant's Motion for Judgment on the Pleadings arguing

25   that Plaintiff lacks standing to bring this lawsuit.  For the following reasons, Defendant's

26   Motion is DENIED without prejudice.[1]

27   _____

28        [1] Because oral argument would not be of material assistance, the Court ordered this matter
     submitted on the briefs.  E.D. Cal. Local Rule 230(g).

                                                   1

1

2

## BACKGROUND[2]

3

Plaintiff Joe Hand Promotions, Inc., is a commercial distributor and licensor of sporting events.  Pursuant to a Distributorship Agreement, Plaintiff was granted the exclusive nationwide commercial distribution rights to *Ultimate Fighting Championship 157: Ronda Rousey v. Liz Carmouche* ("the Program"), which was telecast nationwide on February 22, 2013.  Through sublicensing agreements with various commercial entities throughout the country, Plaintiff granted those entities the rights to publicly exhibit the Program within their respective commercial establishments.  Plaintiff claims that it spent a substantial sum on marketing, advertising, promoting, administering, and transmitting the Program to its customers.

Plaintiff alleges that on February 22, 2013, Defendant unlawfully intercepted and broadcasted the Program at Moose Lodge 1293 with the knowledge that this was unlawful, and for the purpose of commercial and/or financial gain.  Plaintiff filed this instant action on February 5, 2014, alleging causes of action for violations of 47 U.S.C §§ 605, 553 and Cal. Bus. & Prof. Code § 17200, *et seq*., as well as a cause of action for conversion.

On July 11, 2014, Defendant moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure[3] 12(c) on the grounds  that Plaintiff lacks standing because Plaintiff does not have rights to the Program in non-commercial establishments such as Defendant's.  ECF No. 8 at 3.

///

///

///

///

---

[2] Unless otherwise noted, the following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.  ECF No. 1.

[3] All references to "Rule" or "rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

**STANDARD**

2

3    Under Rule 12(c), "a party may move for judgment on the pleadings" after the

4    pleadings are closed "but early enough not to delay trial."  A motion for judgment on the

5    pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's

6    pleadings.  See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp.

7    1503, 1506 (E.D. Cal. 1992).  Any party may move for judgment on the pleadings under

8    Rule 12(c) after the pleadings are closed but within such time as to not delay trial.

9    A motion for judgment on the pleadings should only be granted if "the moving

10   party clearly establishes on the face of the pleadings that no material issue of fact

11   remains to be resolved and that it is entitled to judgment as a matter of law.'"  Hal Roach

12   Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

13   Judgment on the pleadings is also proper when there is either a "lack of cognizable legal

14   theory" or the "absence of sufficient facts alleged under a cognizable legal theory."

15   Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a Rule

16   12(c) motion, "all factual allegations in the complaint [must be accepted] as true and

17   construe[d] . . . in the light most favorable to the non-moving party."  Fleming v. Pickard,

18   581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is

19   warranted "only if it is clear that no relief could be granted under any set of facts that

20   could be proved consistent with the allegations."  Deveraturda v. Globe Aviation Sec.

21   Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

22   Although Rule 12(c) does not mention leave to amend, courts have the discretion

23   in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant

24   dismissal of the action instead of entry of judgment.  See Lonberg v. City of Riverside,

25   300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist.,

26   982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

27   ///

28   ///

3

1

**ANALYSIS**

2

3      Defendant argues that Plaintiff lacks standing because the Distributorship

4   Agreement at issue only granted Plaintiff exclusive distribution rights with respect to

5   commercial establishments, and Plaintiff therefore may not bring this action against

6   Defendant.  In support of this argument, Defendant relies exclusively on the Declaration

7   of Cary Warner ("Warner Declaration"), which it attached to its Motion. See ECF No. 8-4.

8   Defendant cites the Warner Declaration for the proposition that "Defendant's

9   establishment is part of a fraternal organization dedicated to serving needy children,

10  designated as a fraternal beneficiary society for tax purposes . . . ." and therefore is not a

11  commercial entity.  ECF No. 8 at 5.  Defendant further argues that it is proper for the

12  Court to consider the Warner Declaration when ruling on its motion, because "the Court

13  can consider and treat the motion as one for summary judgment . . . ." Id. at 8.

14      When ruling on a Rule 12(c) motion, the Court may consider certain documents

15  outside of the pleadings, such as "documents attached to the complaint [and] documents

16  incorporated by reference in the complaint,"  without converting the motion into a motion

17  for summary judgment.  U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  A document

18  is considered incorporated by reference if the plaintiff "refers extensively to the

19  document or the document forms the basis of the plaintiff's claim."  Id.  However, if the

20  Court decides to consider other documents outside of the pleadings, the Court "must

21  normally convert the motion into a Rule 56 motion for summary judgment, and must give

22  the nonmoving party an opportunity to respond."  Id. at 907.

23      Here, it is clear that the Warner Declaration is neither a document attached to the

24  Complaint nor a document incorporated by reference, since Plaintiff neither attached the

25  document nor referenced it in its Complaint.  See ECF No. 1. Thus, if the Court were to

26  consider this document, as Defendant suggests, in ruling on the instant motion, it would

27  have to convert this motion into a Rule 56 motion for summary judgment.  The Court

28  finds that it would be inappropriate to convert this motion into one for summary judgment

4

1   at this time, given the early stage of the case and the fact that discovery has not

2   commenced.[4]  The Complaint alleges that Defendant is a commercial establishment.

3   Because the Court must take all factual allegations in the complaint as true in reviewing

4   the propriety of a Rule 12(c) motion, this motion must be denied.

5        However, even if the Court considered the Warner Declaration and were to find

6   Defendant to be a non-commercial entity, Defendant could still not prevail at this time.

7   As set forth in Plaintiff's briefing, the Distributorship Agreement is governed by Nevada

8   law.  Under that state's law, "it is well-established that a course of dealing may modify an

9   agreement."  Wal-Go Associates v. Leon, 624 P.2d 507, 510 (Nev. 1981).  Therefore,

10  Plaintiff argues that the course of conduct between the parties to the Distributorship

11  Agreement confirms that the intent of the parties was for the agreement to cover all non-

12  residential use.  If correct, the Distributorship Agreement would cover the exhibition of

13  the Program at Defendant's Lodge, whether or not Defendant is deemed to be a

14  commercial entity.  Thus, even if the Court considered the Warner Declaration, denial of

15  Defendant's motion is warranted.

16       Because the Complaint alleges that Defendant is "a commercial establishment

17  doing business as Moose Lodge 1293," and that Defendant unlawfully intercepted and

18  broadcasted the Program without authorization from Plaintiff, the exclusive rights holder,

19  Plaintiff has sufficiently alleged standing.  See, e.g., J & J Sports Productions, Inc. v.

20  Mendoza-Gowan, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("The complaint alleges

21  that plaintiff has exclusive distribution rights to the program, but defendant unlawfully

22  intercepted its transmission and displayed it without authorization. Plaintiff has therefore

23  adequately alleged standing.").  Given Plaintiff has sufficiently alleged standing,

24  Defendant's Rule 12(c) motion is denied.

25  ///

26

27       [4] Moreover, whether Defendant is a commercial establishment is a material disputed question of
    fact at this stage in the litigation.  Judgment on the pleadings is warranted "only if it is clear that no relief
    could be granted under any set of facts that could be proved consistent with the allegations."  Deveraturda,
28  454 F.3d at 1046.

**CONCLUSION**

As set forth above, Defendant's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  September 29, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT